UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JAN 15 P 12: 33
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GRAFTON AND UPTON RAILROAD COMPANY,<br>      Plaintiff<br><br>v.<br><br>TOWN OF MILFORD,<br><br>      Defendant | C.A. No.: 03-40291-NMG |

## ANSWER OF THE DEFENDANT TOWN OF MILFORD

Now comes the Defendant Town of Milford by its attorney and makes answer to the Plaintiff's Complaint as follows:

1. The Defendant Town of Milford (hereafter "Milford") admits the allegations contained within paragraph 1 of the complaint.

2. Milford admits the allegations contained within paragraph 2 of the complaint.

3. The allegations within paragraph 3 of the complaint characterize the complaint and require no answer.

4. The allegations contained within paragraph 4 of the complaint characterize the complaint and require no answer.

5. The allegations contained within paragraph 5 of the complaint require no answer.

6. Milford repeats and re-alleges its responses in paragraphs 1 through 5 of the complaint.

7. Milford admits the allegations contained within paragraph 7 of the complaint.

8. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained within paragraph 8 of the complaint and therefore denies same calling on the plaintiff to prove.

9. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations of paragraph 9 of the complaint and therefore denies same calling upon the plaintiff to prove.

10. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained within paragraph 10 of the complaint and therefore denies same calling upon the plaintiff to prove.

11. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 11 of the complaint and therefore denies same calling upon the plaintiff to prove.

12. Milford admits the allegations contained within paragraph 12 of the complaint.

13. Milford admits the allegations contained within paragraph 13 of the complaint.

14. Milford admits the allegations contained within paragraph 14 of the complaint.

15. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 15 of the complaint and therefore denies same calling upon the plaintiff to prove.

16. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 16 of the complaint and therefore denies same calling upon the plaintiff to prove.

17. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 17 of the complaint and therefore denies same calling upon the plaintiff to prove.

18. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 18 of the complaint and therefore denies same calling upon the plaintiff to prove.

19. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 19 of the complaint and therefore denies same calling upon the plaintiff to prove.

20. In response to paragraph 20 of the complaint Milford admits the allegations contained therein except to the characterization of the CSX Freight Line as "busy".

21. In response to paragraph 21 of the complaint Milford states the subject locus owned by GU is located immediately west of a point of intersection between an unused GU Line and the CSX Military Secondary Branch. Otherwise the allegations contained with paragraph number 21 are denied.

22. In response to paragraph 22 of the complaint Milford states that the subject GU property is located on both sides of a non-used, partially abandoned, GU Rail Line, otherwise the allegations contained within paragraph 22 are denied.

23. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 23 of the complaint and therefore denies same calling upon the plaintiff to prove.

24. Milford denies the allegations contained with paragraph 24 of the complaint.

25. In response to paragraph 25 of the complaint Milford admits that a switch has been installed on the CSX Milford Secondary Branch, otherwise the allegations contained within paragraph 25 are denied.

26. Milford admits that GU has a consulting relationship with Robert Krafty but otherwise Milford has insufficient knowledge or information to permit it to admit or deny the allegations contained within paragraph 26 of the complaint.

27. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 27 of the complaint and therefore denies same calling upon the plaintiff to prove.

28. In response to paragraph number 28 of the complaint Milford admits that the principle business of the Boston Railway Terminal Corporation ("BRT") is as a distributor of steel but Milford is without knowledge as to the meaning or derivation of the classification "terminal railroad company" and therefore Milford denies the remaining allegations of paragraph 28 of the complaint calling upon the plaintiffs to prove.

29. In response to number 29 of the complaint Milford admits that BRT currently operates out of a facility located in South Boston but otherwise Milford lacks sufficient knowledge or information to permit it to admit or deny that the property upon which it operates is owned by CSX.

30. Milford admits the allegations contained within paragraph 30 of the complaint.

31. Milford admits the allegations contained within paragraph 31 of the complaint.

32. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 32 of the complaint and therefore denies same calling upon the plaintiff to prove.

33. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 33 of the complaint and therefore denies same calling upon the plaintiff to prove.

34. Milford denies the allegations contained within paragraph 34 of the complaint.

35. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 35 of the complaint and therefore denies same calling upon the plaintiff to prove.

36. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 36 of the complaint and therefore denies same calling upon the plaintiff to prove.

37. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 37 of the complaint and therefore denies same calling upon the plaintiff to prove.

38. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 38 of the complaint and therefore denies same calling upon the plaintiff to prove.

39. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 39 of the complaint and therefore denies same calling upon the plaintiff to prove.

40. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 40 of the complaint and therefore denies same calling upon the plaintiff to prove.

41. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 41 of the complaint and therefore denies same calling upon the plaintiff to prove.

42. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 42 of the complaint and therefore denies same calling upon the plaintiff to prove.

43. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 43 of the complaint and therefore denies same calling upon the plaintiff to prove.

44. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 44 of the complaint and therefore denies same calling upon the plaintiff to prove.

45. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 45 of the complaint and therefore denies same calling upon the plaintiff to prove.

46. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 46 of the complaint and therefore denies same calling upon the plaintiff to prove.

47. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 47 of the complaint and therefore denies same calling upon the plaintiff to prove.

48. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 48 of the complaint and therefore denies same calling upon the plaintiff to prove.

49. Milford does not have sufficient knowledge or information to permit it to admit or deny the allegations contained with paragraph 49 of the complaint and therefore denies same calling upon the plaintiff to prove.

50. In response to paragraph 50 Milford states GU representatives first approached representatives of the Town of Milford in mid-May of 2003 and what they advised Milford officials of was GU's intention of leasing the Milford GU property to BRT for the use of BRT.

51. In response to paragraph 51 of the complaint the defendants state that did meet one time on June 6, 2003 at the Milford Town Hall where at Ms. Lucey and Mr. Krafty informed Milford officials of GU's intention to lease Milford property to BRT for BRT operations. Otherwise the allegations within paragraph 51 are denied.

52. In response to paragraph 52 of the complaint Milford states that the Town Planner and the Milford Town Counsel did advise Robert Krafty and Bridget Lucey that the subject GU property was located in the Residential

   A (RA) Zoning District and that the proposed use of the GU property by BRT would not be permissible under the provisions of the Milford Zoning By-Law, otherwise the allegations contained within paragraph 52 of the complaint are denied.

53. In response to paragraph 53 of the complaint Milford admits that GU did retain counsel to present its position to the Town but otherwise the allegations contained within paragraph 53 are denied.

54. Milford admits the allegations contained within paragraph 54 of the complaint.

55. Milford admits the allegations contained within paragraph 55 of the complaint.

56. Milford admits the allegations contained within paragraph 56 of the complaint.

57. In response to paragraph 57 of the complaint Milford admits that Bridget Lucey, Robert Krafty and GU's counsel did meet with Milford's Town Counsel at the Milford Town Hall, at the request of counsel for GU, otherwise the allegations contained within paragraph 57 of the complaint are denied.

58. In response to paragraph 58 Milford admits that the Town did not agree with GU's position concerning the preemptive effect of Federal Law and requested further information as to the proposed BRT operations. Milford Town Counsel did inform the GU representative that he would discuss the entire issue with the Board of Selectmen at their first meeting in December.

59. Milford admits the allegations contained with paragraph 59 of the complaint.

60. Milford admits the allegations contained within paragraph 60 of the complaint.

61. Milford admits the allegations contained within paragraph 61 of the complaint.

62. Milford admits the allegations contained within paragraph 62 of the complaint.

63. Milford denies the allegations contained within paragraph 63 of the complaint.

64. Milford denies the allegations contained within paragraph 64 of the complaint.

65. Milford denies the allegations contained within paragraph 65 of the complaint.

66. Milford denies the allegations contained within paragraph 66 of the complaint.

67. Milford repeats and re-alleges its answers to paragraphs 1-66 of the complaint as if each were fully set forth herein.

68. Milford denies the allegations contained within paragraph 68 of the complaint.

69. Milford admits the allegations contained within paragraph 69 of the complaint.

70. Milford denies the allegations contained within paragraph 70 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

71. Boston Railway Terminal Corporation (BRT) is not a rail carrier within the meaning of applicable provisions of federal law.

### SECOND AFFIRMATIVE DEFENSE

72. The activities of BRT proposed to be undertaken upon the so-called "Milford Yard" and the Town of Milford are fully subject to all provisions of Milford Zoning and General By-Laws and provisions of the Massachusetts General Laws.

### THIRD AFFIRMATIVE DEFENSE

73. The Plaintiff has failed to state a plan upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

74. The Plaintiff has failed to exhaust its administrative remedies.

WHEREFORE, The Town of Milford respectfully requests that the Plaintiff's Complaint be dismissed and that the Town be awarded its costs and reasonable attorneys' fees.

Respectfully Submitted
Town of Milford
By its attorney

Gerald M. Moody, Esq.
Town Hall – 52 Main Street
Milford, MA 01757
BBO# 352380
Tel. (508) 634-2302

## CERTIFICATE OF SERVICE

I, Gerald M. Moody attorney for the Defendant Town of Milford hereby certify that on this 14th day of January 2004 I have served the within Answer of The Defendant Town of Milford upon the Plaintiff by mailing a copy of same, postage pre-paid, addressed to the Plaintiff's attorney of record, Michael B. Flynn, Esq., Flynn & Associates, PC, 189 State Street, 6th Floor, Boston, MA 02109.

Signed under the pains and penalties of perjury.

_____
Gerald M. Moody, Esq.